THE STATE, on the relation of CRANE, *v.* BEEM and Others.

After the plaintiff has closed his examination of testimony, and the defendant has asked the Court to instruct the jury relative to their verdict, it is too late for the defendant, except under special circumstances, to introduce any evidence.

The Court is authorised by statute, in certain cases, to give a judgment as in case of a non-suit; but a jury cannot, in any case, find a verdict to that effect.

A judgment ought not to be reversed on account of the improper admission of evidence, if the verdict is right independently of that evidence.

An execution-plaintiff cannot recover on a sheriff's bond, in the case of an escape, unless he shows a judgment against the execution-defendant.

The party, for whose use an action is brought in the name of the state, is liable to a judgment for costs, under the statute, if the suit be not sustained.

Wednesday,
May 29.

ERROR to the *Jackson* Circuit Court.

BLACKFORD, J.—This was an action of debt on a sheriff's bond, instituted in the name of the state, on the relation of *Crane*, against the sheriff and his sureties. The declaration

avers that the relator recovered judgment before a justice of the peace against *Tuell*, caused him to be arrested on a *ca. sa.*, and to be delivered to the sheriff; that the sheriff suffered the debtor to escape, &c. Pleas, 1st, that though *Tuell* had made oath that he was unable to support himself in prison, the relator had refused to support him; 2dly, that the sheriff did not permit *Tuell* to escape, &c. Replication to the first plea, denying the refusal. Issues on the second plea and on the replication.

May Term, 1833.

THE STATE
v.
BEEM.

It appears by bills of exception, that all the evidence given by the plaintiff was—the execution, the arrest, the delivery of the debtor to the sheriff, and his subsequent absence from prison. The defendant, after the plaintiff had closed his evidence, moved the Court to instruct the jury as in case of a non-suit. This motion was overruled. The defendant then offered to introduce evidence on his part. To this the plaintiff objected; but the Court overruled the objection. A bond, executed by *Tuell* and his surety for the prison bounds, was offered in evidence by the defendant, which, though objected to, was admitted.

Verdict and judgment for the defendant, with a judgment against the relator for costs.

The first question presented is, had the defendant a right to introduce any evidence after asking instructions to the jury? It is evident that, as a general rule, he had no such right. The defendant's asking the Court to give instructions to the jury, pre-supposes that he had finally submitted the cause to the jury; and, after such a submission, he could have no right, except under special circumstances, to offer any new evidence. In this case, however, as the record is silent as to what were the circumstances under which the testimony was admitted, we must presume the Court had a good cause for admitting it, though the admission was contrary to a general rule of practice. We cannot pass by this part of the case, without noticing the extraordinary nature of the instructions to the jury asked for by the defendant. The Court was asked to instruct the jury as in case of a non-suit. There is no such verdict known to the law as that here referred to. The Court is authorised by statute in certain cases, to give a judgment as in case of a non-suit; but a jury cannot, in any case, find a verdict to that effect. The Court must be always right in refusing to instruct the jury to find such a verdict.

The second point is, that the bond for the limits was not legal

evidence. It is contended by the defendant, that though that evidence be struck out as illegal, still the record shows *that the plaintiff had no right to recover.* We agree to the position, that if a verdict is right, independently of evidence improperly admitted, the judgment ought not to be reversed. This point was decided by this Court in the case of *Henthorn* v. *Doe, d. Shepherd, May* term, 1822. It has been frequently decided in *England.* The latest case we have seen on the subject, is *Doe d. Teynham* v. *Tyler,* 6 Bing. 561. The question then is, could the plaintiff have recovered, had the bond for the limits not been admitted? We think there can be no doubt as to this. One of the questions in issue was, whether there had been an escape, that is, such an escape as would entitle the plaintiff to recover in this cause? The declaration avers the existence of a judgment on which the execution had issued. That averment was necessary; and, without it, the declaration would have been bad in substance. It was so decided in *Jones* v. *Pope,* 1 Saund. 34. But, in the case before us, though the declaration contains the necessary averment of a judgment, there was no attempt on the part of the plaintiff to prove it. He went no further back with his evidence than the execution. That was not sufficient. Without a judgment, there could be no escape, for which the sheriff and his sureties would be liable to the execution-plaintiff. 2 Phill. Ev. 231.—1 Selw. N. P. Wh. ed. 515 (1). Assuming, therefore, that the bond for the prison limits was illegally admitted in evidence, as contended for by the plaintiff, and supposing it therefore to be struck out of the case, the verdict for the defendant is still right. The plaintiff cannot complain of the admission of illegal testimony when, had the testimony been rejected, he could not have recovered.

The third point is, that there could be no judgment against the relator for costs. Were it not for the statute on the subject, this objection might be good, but we think that, under the statute, the judgment cannot be objected to (2).

*Per Curiam.*—The judgment is affirmed, and judgment against the relator for costs.

*C. Dewey, A. C. Griffith,* and *J. H. Farnham,* for the plaintiff, *J. Sullivan,* for the defendant.

(1) *Hall* v. *Johnson,* in this Court, *May* term, 1834, post, accord.
(2) See note to *Eaton.*v. *Benefield,* Vol. 2, of these Rep. 52.